IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **John DOE,** individually and as next friend of **Sarah DOE**, a minor, *plaintiff*, <br><br> v. <br><br> **HARLINGEN CONSOLIDATED INDEPENDENT SCHOOL DISTRICT**, *defendant* | § § § § § § § § § § § § | CIVIL ACTION NO. _____ <br><br> (JURY DEMANDED) |

**PLAINTIFFS' ORIGINAL COMPLAINT**

**-- INTRODUCTION --**

**1.** This is an action for money damages brought on behalf of a minor child by her father against the Harlingen Consolidated Independent School District arising out of the sexual harassment and repeated sexual assault of the child by one of the District's teachers. The abuse occurred over a period of months during the 2014-2015 school year, when the child was 15 years-old and a student in the teacher's class. The abuse occurred on school grounds. The child remains enrolled in the District. The child's right of action is implied under Title IX of the Education Amendments of 1972, 86 Stat. 373, as amended, 20 U.S.C. §1681, *et seq.*

**-- PARTIES --**

*Plaintiff*

2. Plaintiff Sarah Doe is a minor and her father, John Doe, is an adult. Both are residents of Cameron County, Texas. John Doe is divorced from Sarah's mother, and is Sarah's sole managing conservator. He sues as Sarah's next friend. He also sues individually for those expenses he has incurred in the past and is reasonably likely to incur in the future, until Sarah reaches 18 years of age, for her medical care arising out the sexual harassment and abuse.

*Defendant*

3.  Defendant Harlingen Consolidated Independent School District (the "District") is a political subdivision of the State of Texas. Defendant District is responsible for the policies, practices, and customs of its school district, as well as the hiring, training, supervision, control, and discipline of its teachers, principals, and coaches. Defendant District can be served with papers by serving the Superintendent of Schools, Dr. Art J. Cavazos, at HCISD Administration Building, 407 N. 77 Sunshine Strip, Harlingen, Texas 78550.

-- JURISDICTION AND VENUE --

4.  Pursuant to 28 U.S.C. §1331, this Court has original, federal question jurisdiction over Plaintiff's implied claims under Title IX of the Education Amendments of 1972, 86 Stat. 373, as amended, 20 U.S.C. §1681, *et seq.* ("Title IX").

5.  Venue is proper in the Southern District of Texas because the conduct of which Plaintiff complains occurred in this District. 28 U.S.C. §1391(b)(2).

-- FACTS --

6.  During the 2014-2015 academic school year, Sarah Doe was enrolled as a sophomore at the District's Harlingen South High School. At that time, Robert Amitrani ("Amitrani") was employed by the District as an Assistant Coach on the school's volleyball and softball teams, and also was a science teacher at the school. Sarah Doe was a student in Amitrani's science class. She was 15 years-old at the time. Upon information and belief, Amitrani was 42 years-old.

7.  Between approximately October 2014 and February 2015, Amitrani pursued Sarah Doe romantically and repeatedly sexually assaulted (*i.e.*, within the meaning of TEX. PEN. CODE §22.011(a)(2)) her at the school during school hours.

8.  Upon information and belief, during the *preceding* school year or the year before that (*i.e.*, either the 2012-2013 or the 2013-2014 school year), District personnel, including the principal of Harlingen South High School, were made aware of an outcry by *another* female student at the school that Amitrani was sexually harassing her.  Thus, as early as the 2012-2013 or the 2013-2014 school year, the District had actual knowledge that Amitrani posed a substantial risk of sexually harassing students in general and female students in particular.

9.  Notwithstanding such allegations, the District failed to notify Child Protective Services and/or the Harlingen Police Department.

10. The District proceeded to conduct its own investigation, which was inadequate. The District, upon completion of its investigation, allowed Amitrani to continue teaching at the school and have access to female students, including Sara Doe.

11. In July 2015, John Doe learned of Amitrani's conduct toward his daughter and contacted the Harlingen Police Department, which began to investigate.

12. On July 31, 2015, Amitrani was found deceased in Cameron County, Texas.

## -- DAMAGES --

13. Sarah Doe has sustained in the past and, in reasonable probability, will sustain in the future actual damages for physical pain and mental anguish, as well as medical care expenses, as a result of the above-mentioned conduct.

## -- CAUSES OF ACTION –

### *Implied Right of Action Under Title IX*

14. Title IX provides in pertinent part that "no person…shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."  20 U.S.C. §1681(a).

15. The United States Supreme Court has held that Title IX is enforceable through an implied private right of action, and that monetary damages are available in the implied private action.  See *Cannon v. University of Chicago*, 441 U.S. 677, L.Ed.2d 560, 99 S.Ct. 1946 (1979), and *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 117 L.Ed.2d 208, 112 S.Ct. 1028 (1992), and their progeny.

16. At all times relevant herein, the District has received Federal financial assistance within the meaning of 20 U.S.C. §1681(a).

17. Armitrani's pursuit of Sarah Doe during the 2014-2015 school year, including, *inter alia*, repeatedly sexually assaulting her, constitutes discrimination on the basis of her sex within the meaning of Title IX.

18. Since as early as the 2012-2013 or the 2013-2014 school year, District personnel with the authority to take corrective action to end Amitrani's sexual harassment of female students had actual knowledge of the substantial risk that Amitrani posed to such students, including to Sarah Doe.  Nonetheless, the District was deliberately indifferent to that risk and allowed Amitrani to continue teaching at Harlingen South High School and to have access to female students, including to Sarah Doe.  Such conduct proximately and directly caused Sarah Doe's above-described damages.  Therefore, pursuant to Title IX and *Cannon*, *Franklin*, and their progeny, the District is liable to Sarah Doe for those damages.

### *42 U.S.C. §1988*

19. Pursuant to 42 U.S.C. §1988(b), Sarah Doe is entitled to reasonable attorney's fees as part of her costs for enforcing her rights under Title IX.

**-- REQUEST FOR RELIEF --**

20. John Doe, individually and as next friend of his daughter, Sarah Doe, requests that the Harlingen Consolidated Independent School District be adjudged liable to him and to Sarah Doe for (1) all of the actual damages that they have sustained as set forth above, (2) all lawful prejudgment and post-judgment interest, (3) costs of court, including reasonable attorney's fees, and (4) general relief.

Respectfully submitted,

**GARCIA & OCHOA, L.L.P.**

By: \_/s/ *Ricardo A. Garcia*_____
Ricardo A. Garcia
State Bar No. 07643200
Lino H. Ochoa
State Bar No. 00797168
I. Cecilia Garza
State Bar No. 24041627
820 S. Main
Veronica L. Sepulveda
State Bar No. 24081144
Siena P. Magallanes
State Bar No. 240908028
McAllen, TX 78501
Telephone No.:  956/630-2882
Telecopier No.:  956/630-5393
E-mail: ric@gomlaw.com

**ATTORNEYS FOR PLAINTIFF**